UNITED STATES DISTICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WOODLAND FALLS SUBDIVISION, L.P., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-1279 |
| | ) | Judge Aleta A. Trauger |
| KEVIN BELEW and GTLC, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM

Pending before the court are two motions: 1) an Expedited Motion for Entry of Order Requiring Escrowed Funds to be Deposited in Court (Docket No. 5), filed by the plaintiff, Woodland Falls Subdivision, L.P. ("Woodland Falls), to which the defendants, Kevin Belew and GTLC, LLC ("GTLC"), have filed a Response (Docket No. 15); and 2) a Motion to Dismiss For Lack of Subject Matter Jurisdiction or to Abstain from Hearing This Matter (Docket No. 13), filed by the defendants, to which Woodland Falls has filed a Response in Opposition (Docket No. 20), the defendants have filed both a proposed Reply and an Amended Reply (Docket Nos. 21-1, 27), Woodland Falls has filed two Sur-Replies (Docket Nos. 31, 32), the defendants have filed a Supplemental Reply (Docket No. 35), and Woodland Falls has filed a Sur-Reply to the Supplemental Reply (Docket No. 38). For the reasons discussed herein, Mr. Belew and GTLC's motion will be granted and the court will abstain from exercising jurisdiction and stay the action pending resolution of Tennessee state court proceedings. Accordingly, Woodland Falls' motion will be denied as moot.

## BACKGROUND AND PROCEDURAL HISTORY

Woodland Falls commenced this action on November 20, 2015 (Docket No. 1 (the "Complaint").) The Complaint arises from a dispute over a real estate transaction in which Woodland Falls is the seller, and Mr. Belew the purchaser, of a residential subdivision site, still in development, located on Woodland Hills Drive in Nashville, Tennessee (the "Property"). Mr. Belew and Woodland Falls entered into an elaborate contract regarding this transaction, which was amended more than once and called for the purchase of the Property to take place in phases and with shifting responsibilities between the parties for the oversight of ongoing construction on the Property (the "Contract"). Pursuant to the terms of the Contract, Mr. Belew placed approximately $400,000 into an escrow account (the "Escrow Funds"), some of which has already been spent on construction work done on the Property. At some point, Mr. Belew assigned his rights under the Contract to GTLC, a company he owns in part, though at the time of the assignment GTLC was known as Great Tennessee Land Company, LLC.

The gravamen of the Complaint is that the defendants are in breach of the Contract and, therefore, Woodland Falls is no longer obligated to perform under the Contract and transfer ownership of the Property to the defendants. The specific claims raised in the Complaint are breach, or anticipatory repudiation, of the Contract; tortious interference with the existing relationship between Woodland Falls and a contractor overseeing construction on the Property; and a claim for quiet title on the Property in favor of Woodland Falls. The Complaint seeks declaratory judgment regarding the interpretation of the Contract and the disposition of the Property, as well as compensatory damages and attorney's fees. Woodland Falls is a Tennessee limited partnership, with its principal place of business in Nashville, Tennessee; Mr. Belew is a

resident of Ann Arbor, Michigan; and GTLC is a Tennessee limited liability corporation, with its principal place of business in Ann Arbor, Michigan.

On December 1, 2015, Woodland Falls filed an Expedited Motion for Entry of Order Requiring Escrowed Funds to be Deposited in Court (Docket No. 5), along with a supporting Memorandum (Docket No. 8). This motion is brought pursuant to Federal Rule of Civil Procedure 67 and essentially asks the court to hold the remaining Escrow Funds until this action is resolved and it is determined how the Escrow Funds should be divided among the parties.

On December 29, 2015, the defendants filed a Motion to Dismiss or Abstain (Docket No. 13), along with Memorandum in Support (Docker No. 14). This motion is based on a currently pending action in the Chancery Court of Davidson County, Tennessee, also arising from the Contract and concerning the disposition of the Property. The defendants argue that, in light of the pending state court action, this court should either dismiss the instant action or stay the action pending resolution in the state court. The defendants also seek attorney's fees based on a provision of the Contract which states:

> If any dispute shall arise between Buyer and Seller regarding this Agreement or if it shall become necessary for either party to refer this Agreement to an attorney-at-law for enforcement of any provision of this Agreement, then and in any such event, whether or not such matters shall be submitted to litigation, the prevailing party therein shall be entitled to reimbursement by the other party hereto for all costs, expenses and reasonable attorney's fees incurred by the prevailing party in connection with such dispute.

(Docket No. 1-2 ¶ 18.)

The Chancery Court action was filed by Great Tennessee Land Company against Woodland Falls, and does not expressly name Mr. Belew or GTLC as parties to the action. The Chancery Court action was filed on November 12, 2015, eight days before the instant action was

filed, but Woodland Falls did not accept service until December 3, 2015. Meanwhile, GTLC and Mr. Belew were successfully served in this action on the same day the Complaint was filed, November 20, 2015. There is a dispute of fact as to whether Woodland Falls evaded service in the Chancery Court action in order to bring the action in federal court instead. The cause of action raised in the Chancery Court complaint is breach of contract by Woodland Falls. In the Chancery Court action, Great Tennessee Land Company seeks both a declaratory judgment regarding the interpretation of the Contract and the disposition of the Property, as well as an injunction requiring specific performance, namely for Woodland Falls to convey the Property to Great Tennessee Land Company. (Docket No. 14-1.) In the Chancery Court complaint, Great Tennessee Land Company also asks the Chancery Court to hold the Escrow Funds until the action is decided. (*Id*. at p. 8.) On December 8, 2015, the Supreme Court of Tennessee issued an Order transferring the Chancery Court action to Tennessee's Business Court Pilot Project. (Docket No. 14-2.)

Also on December 29, 2015, the defendants filed a Response to Woodland Falls' Expedited Motion for Entry of Order Requiring Escrowed Funds to be Deposited in Court. (Docket No. 15.) In their Response, the defendants ask the court to reserve ruling on this motion until the court rules on the defendants' Motion to Dismiss, stating:

> The Defendants have no issue with the money being deposited into the court that will ultimately decide this matter, and actually requested on November 12, 2015, before the District Court action was filed, the same funds be deposited into the account of the Clerk and Master for the Davidson County Chancery Court.

(Id. at 1.)

On January 26, 2016, Woodland Falls filed a Response in Opposition to the defendants' Motion to Dismiss (Docket No. 20), arguing primarily that the action should not be stayed or

4

dismissed based on the pending Chancery Court action because the claims are different and the parties are different, specifically noting that GTLC and Mr. Belew are not named as parties in the Chancery Court action. Woodland Falls takes the position that Great Tennessee Land Company is no longer in existence and is, therefore, improperly named as the plaintiff in the Chancery Court action. There is no serious dispute, however, that Great Tennessee Land Company and GTLC are the same entity, which has changed its name during the course of the events giving rise to the current dispute.

On February 1, 2016, the defendants filed a Motion to File a Reply in support of their Motion to Dismiss (Docket No. 21), along with an attached proposed Reply (Docket No. 21-1). This motion was never expressly granted by the court. On February 10, 2016, the defendants filed a Motion for Leave to File an Amended Reply (Docket No. 24), based on Woodland Falls' February 2, 2016 filing of a counterclaim in the Chancery Court, which includes all of the causes of action – and factual allegations – identified in the Complaint (Docket No. 24-2). On February 11, 2016, this motion was granted (Docket No. 26) and, on February 12, 2015, the defendants filed their Amended Reply (Docket No. 27). On February 29, 2016, with leave of court, Woodland Falls filed a Sur-Reply to the defendants' Amended Reply (Docket No. 31) as well as a Sur-Reply to the defendants' original proposed Reply (Docket No. 32), pointing out that, on February 3, 2016, Woodland Falls voluntarily dismissed its counterclaim in the Chancery Court and that Woodland Falls has moved to dismiss the state court action based on its arguments that 1) Great Tennessee Land Company is no longer a legal entity and 2) this court has prior exclusive jurisdiction over the Property based on the claim for quiet title in the instant action. Because the defendants' Amended Reply supplements, rather than edits, its proposed Reply and because Woodland Falls has been given an opportunity to respond to both of the defendants'

5

replies, the court will consider all of these filings in deciding the pending motion. On February 26, 2015, with leave of court, the defendants filed a Supplemental Reply in response to Woodland Falls' sur-replies (Docket No. 35) and, on February 29, 2016, Woodland Falls filed a Sur-Reply to the defendants' Supplemental Reply (Docket No. 38).

## MOTION TO DISMISS OR ABSTAIN

The Supreme Court has explained that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. *Colorado River v. Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Sixth Circuit has elaborated that the "principles underlying this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Romine v. Compuserve, Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817).

The *Colorado River* analysis is composed of two parts: first, the court must determine that the concurrent state and federal actions are actually parallel; and, second, the court must weigh several factors identified by the Supreme Court in *Colorado River*. *Romine*, 160 F.3d at 339. "Exact parallelism" is not required; it is enough if the two proceedings are substantially similar. *Id*. The Supreme Court has explained that a stay should only be granted where it would allow for a "quick and prompt resolution between the parties," such that the federal court "will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

Where the court has made a determination that a state court case and federal case are substantially similar, courts must then consider a variety of factors to determine whether a stay is

6

appropriate. The Sixth Circuit has articulated eight factors for consideration: 1) whether the state court has assumed jurisdiction over any *res* or property; 2) whether the federal forum is less convenient to the parties; 3) avoidance of piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) whether the source of governing law is state or federal; 6) the adequacy of the state court action to protect the federal plaintiff's rights; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that is required. *Colorado River*, 424, U.S. at 818-19. "Although staying the suit instead of dismissing it will often reflect an abundance of caution, leaving the district court with 'nothing left to do but clear the case number off its docket once the state proceedings conclude," a stay is the more appropriate course of action, as it protects plaintiffs whose claims are not resolved on the merits in state court from having to contend with statutes of limitations or other issues upon filing a subsequent suit in federal court. *Adrian Energy Assocs. V. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 425 (6th Cir. 2007) (affirming a district court's abstention but remanding with an order for the district court to stay the action rather than dismiss without prejudice).

Woodland Falls argues that this action is not parallel with the pending state court action because of the differences between the two actions with respect to the named parties and the claims brought. The record shows, however, that the two actions are substantially similar enough to qualify as parallel under *Romine*, in that they both arise wholly from the Contract and seek to determine the proper disposition of the Property. Moreover, Woodland Falls' concerns regarding the named parties, and its ability to raise its claims against Mr. Belew before the state court, can be dealt with in the state court proceedings without changing the substance of the

7

action or the actual identity of the parties involved. Woodland Falls can petition the state court to update the named plaintiff in that action to reflect the corporate identity GTLC currently assumes, and Woodland Falls can also seek to add Mr. Belew to the action as a necessary party. Moreover, the federal and state court actions arise from the same rights and responsibilities Mr. Belew assumed under the Contract with Woodland Falls and then assigned to Great Tennessee Land Company, which became known as GTLC. Accordingly, as the defendants point out, Woodland Falls may raise its claims as defenses or counterclaims in the state court action.[1]

Next, Woodland Falls argues that, even if parallel, the factors identified in *Romine* do not weigh in favor of abstention. In particular, Woodland Falls argues that the time lapse between the filings is insignificant and that this court assumed jurisdiction first, because of the date of completed service, and, further, that this court assumed *in rem* jurisdiction over the Property due to the claim for quiet title, while the state court only assumed *in personam* jurisdiction. Woodland Falls also argues that the state court cannot properly protect the rights of Woodland Falls against Mr. Belew because he is not a citizen of Tennessee, and that the possibility of inconsistent judgments is not sufficient to rise to the level of piecemeal litigation.

While the parties spend extensive effort in their briefing debating whether each of the actions qualify as *in rem*, *quasi in rem*, or *in personam* and whether the court may find that either court has jurisdiction over the Property, the court does not find it necessary to resolve this matter in order to find that, on the whole, the factors favor abstention. Even if the federal court has the

---

[1] Woodland Falls argues that its claims against GTLC and Mr. Belew are not proper counterclaims because they are not named parties in that action and that this is the reason why Woodland Falls voluntarily dismissed its counterclaim in Chancery Court on February 3, 2016. Again, however, this is a matter to be clarified before the state court by moving to change the named plaintiff and to add Mr. Belew as a necessary party.

right to assert *in rem* jurisdiction and the state court currently has only *in personam* jurisdiction, the state court's lack of jurisdiction over the Property will not be a decisive factor in this analysis. Just because *Romine* counsels that a state court's jurisdiction over real property should weigh in favor of abstention, that does not mean that a state court's lack of *in rem* jurisdiction should weigh *against* abstention, particularly where, as here, the state court has undisputed jurisdiction over an action that involves the disposition of real property located within the state.

Meanwhile, several other *Romine* factors clearly support abstention. While it is true that both actions were filed, and service was completed in both, within a relatively short period of time, the fact remains that the state court action was filed first and Woodland Falls is alleged to have purposely evaded service. Moreover, while neither action has proceeded very far, the Tennessee Supreme Court has transferred this dispute to Tennessee's Business Court Pilot Project. The Business Court Pilot Project will be the most efficient forum for resolving this dispute, allowing for a quick and prompt resolution and rendering federal court less convenient for the parties.[2]

Finally, there are no federal claims at issue here – only contract claims under Tennessee law, concerning the disposition of real property located within the state of Tennessee. Woodland Falls has made no persuasive legal argument to support its contention that its rights against Mr. Belew cannot be adequately adjudicated by a Tennessee court, in light of the fact that Woodland Falls' claims against Mr. Belew are related to a contract that involves real property in Tennessee

---

[2] The court takes judicial notice of the following statement from the Tennessee Courts webpage: "The pilot project court will focus on complex business litigation with the goals of expediting cases and developing a body of rulings from which lawyers and litigants can better predict and assess outcomes in business cases." https://www.tncourts.gov/news/2015/03/16/supreme-court-introduce-tennessee-business-court-pilot-project-davidson-county

9

and that Mr. Belew's rights under the Contract were assigned to a Tennessee corporation that has now voluntarily brought suit in Tennessee state court. There is also the risk of inconsistent judgments that could result from allowing these cases to proceed concurrently. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. It is clear that this action and the state court action could lead to conflicting results with respect to the proper interpretation of the Contract, findings as to who is in breach, and the disposition of the Property. The issues significantly overlap, and it would be a waste of judicial resources for these actions to proceed concurrently. On the whole, the factors weigh in favor of abstention and the court will, therefore, decline to exercise its jurisdiction at this time but will, instead, stay the action pending resolution of the state court proceedings.

The court will not, however, award attorney's fees to the defendants. The defendants' argument in support of attorney's fees is made wholly pursuant to the Contract, which the court will not interpret, as the court will not reach the merits of the contract claims at issue. It is unclear at best that a finding in favor of the defendant on the issue of abstention constitutes a finding that the defendants are a prevailing party in a dispute arising from the Contract. The court notes that there is no reason why fees from this federal court action cannot be raised in the state court, once a party prevails on the merits of the underlying action.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion will be granted and the court will abstain from exercising jurisdiction and stay this action pending the resolution of the state court proceedings. As a result, Woodland Falls' motion regarding the Escrow Funds will be denied as moot.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge